UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACK ANTHONY GIBSON,

    Petitioner,

vs.                                Case No. 3:08-cv-1139-J-12TEM

WALTER A. MCNEIL, et al.

    Respondents.

---

### ORDER

In an Order filed on December 5, 2008, the Court construed Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as a collateral attack upon Petitioner's conviction in state case no. 97-0969-CF-52, which in legal effect is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. #13. Petitioner was directed to file an amended petition on the habeas corpus petition form within twenty days. Id. Additionally, Petitioner was advised that his failure to do so would result in the dismissal of his action without further notice. Id. Petitioner was granted an extension of time of thirty days to comply with the Court's Order. Doc. #19. Petitioner was again advised that failure to file an amended petition in compliance with

the Court's order would result in the dismissal of the action without further notice. Id.

Petitioner filed a document entitled a Notice of Appeal. The Court construed the notice to be a notice to take an interlocutory appeal of the Magistrate Judge's Order. Doc. #21. The Court found the Magistrate Judge's order was not rendered final and was not appealable. Id. The Court also noted, "even if the District Court adopted this decision, it would not be immediately appealable." Id. (citing 28 U.S.C. § 1292). The Court denied a motion to stay pending appeal, Doc. #22, and denied Petitioner's motion for miscellaneous relief and leniency. Doc. #24. Petitioner was given an additional twenty days to file an amended petition, and was again warned of the consequences of his failure to comply with the Court's orders. Id.

Petitioner filed a motion for extension of time to file an objection, which was denied. Doc. #26. The Court construed the motion to include an objection and a request for a *de novo* review of the Magistrate Judge's Order. Id. The Petitioner's objection and request for a *de novo* review were denied. Id. Petitioner was given fifteen days to comply with the Court's Order (Doc. #24). Doc. #26. Petitioner was warned that failure to comply would result in the dismissal of the action without further notice. Id.

Upon review, this case was filed on September 12, 2008. The Court has been more than generous in granting Petitioner extensions

of time to comply with its orders.  Instead of complying, Petitioner has filed a stream of pleadings in order to avoid filing a petition as directed by the Court.[1]  Petitioner has now filed a document entitled Objection to District Court's Non-final Order and/or Notice of Interlocutory Appeal (Doc. #27) and a Supplemental Pleading (Doc. #28), appealing the Court's Order (Doc. #26).  That order is not immediately appealable, 28 U.S.C. § 1292, and the objection will be denied.  Petitioner has failed to file an amended petition as directed by the Court.  He has been repeatedly warned that failure to do so would result in the dismissal of this action without further notice.

The Court will give Petitioner **one final opportunity to file an amended petition**.  Failure to timely file an amended petition will result in the dismissal of this action without further notice.

Therefore, it is now

**ORDERED:**

1.  Petitioner's Objection to District Court's Non-final Order and/or Notice of Interlocutory Appeal (Doc. #27) and Supplemental Pleading (Doc. #28) are **DENIED**.

---

[1] It appears that Petitioner is attempting to circumvent the one-year limitation period adopted by the Antiterrorism and Effective Death Penalty Act by simply labeling his petition as being raised pursuant to 28 U.S.C. § 2241, when in fact he is challenging a state court conviction.  Pursuant to 28 U.S.C. § 2244 (d)(1), a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.

3

2. Petitioner shall file an amended petition on the habeas corpus petition form **on or before July 13, 2009**. Failure to do so will result in the dismissal of this action without further notice.

3. The Clerk of the Court shall provide Petitioner with a habeas corpus petition form.

**DONE AND ORDERED** at Jacksonville, Florida, this 24TH day of June, 2009.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 6/19
c:
Jack Anthony Gibson, Okeechobee CI
Ass't A.G. (Jolley)