UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JACK ANTHONY GIBSON,

        Petitioner,

vs.                                    Case No. 3:08-cv-1139-J-12TEM

WALTER A. MCNEIL, et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

On September 12, 2008, Petitioner filed a document entitled "Petition for a Constitutional Writ of Habeas Corpus ad subjiciendum and Motion for an Evidentiary Hearing (pursuant to Article I, section 9(2) of the United States Constitution and 28 U.S.C. 2241)" (Doc. #1). The Court found it to be, in legal effect, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, as Petitioner is challenging his state court conviction. See Court's Order (Doc. #13). The Court further noted that Petitioner failed to use the habeas corpus petition form, and therefore failed to respond to all of the questions on the form that the Court must review. Id. See Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, which states, in pertinent part:

> (c) **Form.** The petition must:
>
>> (1) specify all the grounds for relief available to the petitioner;
>>
>> (2) state the facts supporting each ground;
>>
>> (3) state the relief requested;
>>
>> (4) be printed, typewritten, or legibly handwritten; and
>>
>> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
>
> (d) **Standard Form.** *The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to petitioners without charge.*

(Italics added).

Petitioner has been provided with the appropriate form for use in filing an amended petition for writ of habeas corpus. See Court's Orders (Docs. #13, #19 & #29). On June 24, 2009, the Court ordered Petitioner to file an amended petition on the habeas corpus petition form on or before July 13, 2009.[1] Further, the Court notified Petitioner that failure to do so would result in the

---

[1] The procedural history of the case is provided in the Court's Order (Doc. #29).

2

dismissal of this action without further notice. As of the date of this Order, there has been no response from Petitioner.

The habeas corpus petition form, in a clear and concise manner, asks pertinent questions concerning the conviction itself, the grounds raised, exhaustion of state court remedies for each ground, other remedies pursued by the petitioner, whether the petitioner has previously filed any petitions or applications in federal court regarding the conviction being challenged in the current petition, whether there are any petitions or appeals pending, the names of all attorneys who represented the petitioner throughout the various stages of the proceedings, the relief requested and the timeliness of the petition. All of this information is extremely important for this Court to properly and thoroughly review and consider the petition.[2]

As noted previously, it appears that Petitioner is attempting to circumvent the one-year limitation period adopted by the Antiterrorism and Effective Death Penalty Act by labeling his petition challenging his state court conviction as a petition

---

[2] Although not a model of clarity, it appears that Petitioner is raising only one claim in his petition. By completing the form, it would be absolutely clear how many claims Petitioner was raising. It is not entirely clear whether "other remedies" have been pursued by Petitioner, see habeas corpus petition form, whether Petitioner has previously filed petitions or applications in federal court regarding the conviction being challenged and whether there are any petitions or appeals pending in any other courts. In addition, Petitioner has not provided the court with the names of all attorneys who represented the Petitioner throughout the proceedings.

3

raised pursuant to 28 U.S.C. § 2241 rather than pursuant to 28 U.S.C. § 2254 and by failing to answer the questions on the habeas corpus petition form. This tactic will not, however, help Petitioner in avoiding the requirements of 28 U.S.C. § 2254. As noted in Medberry v. Crosby, 351 F.3d 1049, 1058 (11th Cir. 2003), cert. denied, 541 U.S. 1032 (2004), "[a]fter reviewing the relevant history, it is evident that there are two distinct means of securing post-conviction relief in the federal courts: an application for a writ of habeas corpus (governed by inter alia, §§ 2241 and 2254) and a motion to vacate a sentence (governed by § 2255)." This case, of course, is not a challenge to a federal prisoner's sentence; therefore, § 2255 is inapplicable. Thus, this case is governed by both § 2241 and § 2254.

> The difference between the statutes lies in the breadth of the situations to which they apply. Section 2241 provides that a writ of habeas corpus may issue to a prisoner in the following five situations:
>
> . . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or . . . .
>
> 28 U.S.C. § 2241(c). Section 2254, on the other hand, applies to a subset of those to whom § 2241(c)(3) applies -- it applies to "a person in custody *pursuant to the judgment of a State court*" who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).

Medberry, 351 F.3d at 1059.

In fact, "[s]ection 2254(a) merely specifies the class of state prisoners to which the additional restrictions of § 2254 apply." Medberry, 351 F.3d at 1060. Indeed, 28 U.S.C. § 2244(d)(1) states that a one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Thus, Petitioner's habeas petition "is subject both to § 2241 and to § 2254, with its attendant restrictions[,]" Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004), cert. denied, 543 U.S. 1063 (2005), including the one-year period of limitation.

The Court has been extremely generous in granting Petitioner extensions of time to comply with its orders and Petitioner has been repeatedly provided with the habeas corpus petition form so that he may comply with the Court's orders. The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the consequences of not complying with this Court's orders.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED** without prejudice.[3]

---

[3] This dismissal without prejudice does not excuse Petitioner from the one-year period of limitation for raising a habeas corpus petition in the federal courts. See 28 U.S.C. § 2244(d). Petitioner should note that the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, see Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 29TH day of July, 2009.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sa 7/22
c:
Jack Anthony Gibson

---

filed" under 28 U.S.C. § 2244(d)(2)); however, the time in which a federal habeas petition is pending does not toll the one-year limitation period. See Duncan v. Walker, 533 U.S. 167 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).